IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**LAVELL BRANCH-GRIFFIN**                                                                 **PETITIONER**
**ADC # 155718**

**V.**                    **CASE NO. 4:20-CV-361-BRW-BD**

**DEXTER PAYNE, Director,**
**Arkansas Division of Correction**                                                        **RESPONDENT**

## RECOMMENDED DISPOSITION

**I.     Procedure for Filing Objections:**

This Recommendation for dismissal has been sent to Judge Billy Roy Wilson. Mr. Branch-Griffin may file objections with the Clerk of Court if he disagrees with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If Mr. Branch-Griffin does not file objections, he risks waiving the right to appeal questions of fact. And, if no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing the record.

**II.    Discussion:**

Petitioner Lavell Branch-Griffin is serving a sentence in the Arkansas Division of Correction ("ADC") after pleading guilty in Greene County Circuit Court to one count of first-degree murder, two counts of aggravated robbery, and two counts of aggravated

residential burglary.[1] He filed the pending petition for habeas corpus relief on April 1, 2020, using a preprinted form.

Mr. Branch-Griffin lists two grounds for relief: ineffective assistance of counsel and "coerced guilty plea." (Doc. No. 2) In the portions of the form designated for "supporting facts," Mr. Branch-Griffin writes for each ground, "see brief for support." There is no brief or document of any kind, however, attached to the petition. Thus, there are no facts to support the claims for relief.

In an April 3, 2020 Order, the Court granted Mr. Branch-Griffin's motion to proceed *in forma pauperis* and notified him that he had not attached the "brief for support" referenced in his petition nor otherwise stated any facts to support his claims. (Doc. No. 3) The Court cautioned him that, as written, his petition was missing critical details; that is, an explanation of how his counsel was ineffective and how he was coerced into pleading guilty. The Court gave Mr. Branch-Griffin 30 days to file an amended petition. He was warned that his case would be dismissed if he did not supply facts to support his claims for relief.

Mr. Branch-Griffin filed a motion for an extension of time to amend (Doc. No. 4), which was granted on April 28, 2020 Order. (Doc. No. 5) The August 26, 2020 deadline for filing an amended petition has passed, however, and Mr. Branch-Griffin has not filed an amended petition.

---

[1] A docket search on CourtConnect indicates that Mr. Branch-Griffin entered a guilty plea in Greene County Circuit Court, although a copy of the judgment is not available. See Arkansas Judiciary Website, Docket Search, http://caseinfo.arcourts.gov; *State v. Branch-Griffin*, 28CR-12-513, Plea and Waiver (Sep. 4, 2013).

## III. Certificate of Appealability:

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. *See* Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Mr. Branch-Griffin has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c) (1)-(2). In this case, Mr. Branch-Griffin has not provided a basis for the Court to issue a certificate of appealability. Accordingly, a certificate of appealability should be denied.

## IV. Conclusion:

There are no facts to support Lavell Branch-Griffin's petition for habeas corpus relief. Therefore, his petition should be DENIED, without prejudice.

DATED this 3rd day of September, 2020.

_____
UNITED STATES MAGISTRATE JUDGE